FILED IN CLERK'S OFFICE
U.S.D.C - Atlanta

JAN 08 2009

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BURRELL V. WHITTLE, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION | |
| § | FILE NO.: | |
| ASSET ACCEPTANCE, LLC, § | 1 09-CV-0046 | |
| Defendant. § | | |

## COMPLAINT

**COMES NOW,** Burrell V. Whittle (hereinafter "Whittle"), plaintiff in the above-styled civil action, and respectfully makes this his Complaint against Asset Acceptance, LLC (hereinafter "Asset") as follows:

### PRELIMINARY STATEMENT

1. Plaintiff bring this action pursuant to the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.--hereinafter the "Act"), and the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-391, et seq., seeking statutory damages, actual damages, exemplary damages (pursuant to O.C.G.A. § 10-1-399), and attorney's fees and costs against the defendants for Asset's use of deceptive, and unfair debt collection practices in violation of the Act.

### JURISDICTION

2. Plaintiff invokes the jurisdiction of this Court pursuant to 15 U.S.C.

1

§1692k(d) and 28 U.S.C. § 1367. Venue in this District is proper in that the defendants conduct business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff is a natural person and a resident of Cobb County, Georgia, and a consumer as contemplated by § 1692a(3) of the Act.

4. Defendant Asset is a limited liability partnership organized under the laws of the State of Delaware and is transacting business in the State of Georgia.

5. Upon information and belief, defendant Asset is in the business of purchasing and/or obtaining assignments for the collection of consumer debts, and at all times relevant hereto, is a "debt collectors" within the meaning of §1692a(6), collecting a debt as defined by §1692a(5) of the Act.

## STATEMENT OF FACTS

6. On or about December 8, 2008, defendant filed a Suit for Enforcement of Foreign Judgment in the State Court of Fulton County, Georgia.

7. At all times material to this action, Asset knew that plaintiff is a resident of Cobb County, Georgia.

8. Despite such knowledge, Asset filed its lawsuit against plaintiff in an inconvenient forum.

## COUNT ONE- FAIR DEBT COLLECTION PRACTICES ACT

9. Plaintiff realleges and incorporates by reference paragraphs 1 through 8 as if fully set forth herein.

10. By filing its Suit for Enforcement of Foreign Judgment in Fulton County, a *forum non coveniens,* rather than in Cobb County, where the plaintiff resides, Asset violated 15 U.S.C. § 1692i(a)(2)(B).

11. Therefore, Asset is liable to plaintiff for statutory damages as prescribed by §1692k(a)(2)(A), actual damages pursuant to §1692k(a)(1) in an amount to be determined at time of trial, and reasonable attorney's fees and costs pursuant to §1692k(a)(3).

## COUNT TWO –GEORGIA FAIR BUSINESS PRACTICES ACT

12. Plaintiff realleges and incorporates by reference paragraphs 1 through 11 as if fully set forth herein.

13. Asset's conduct as described above, alleging violations of the Fair Debt Collection Practices Act, also constitute a cause of action under the Georgia Fair Business Practices Act, O.C.G.A. §10-1-391, et seq., as unfair deceptive acts or practices in the conduct of a consumer transaction in trade or commerce as set forth in O.C.G.A. §10-1-393.

14. Therefore, defendant is liable to plaintiff for her actual damages in an

amount to be determined at time of trial, and reasonable attorney's fees and costs in an amount to be determined at time of trial, as well as exemplary damages pursuant to O.C.G.A. §10-1-399.

**WHEREFORE,** Plaintiff respectfully prays that this court:

(a) That this case be tried by a jury;

(b) That judgment be entered in favor of Plaintiff against Defendants for federal Fair Debt Collection Practices Act violations;

(c) That judgment be entered in favor of plaintiff and against defendants for statutory damages as provided for by §1692k(a)(2)(A) of the Act, in an amount to be determined at time of trial;

(d) That judgment be entered in favor of plaintiff and against defendant for actual damages pursuant to §1692k(a)(1) in an amount to be determined at time of trial;

(e) That judgment be entered in favor of plaintiff and against defendants for all costs of this action including attorney's fees as provided for by §1692k(a)(3) of the Act;

(f) That judgment be entered in favor of plaintiff against defendant for violating the Georgia Fair Business Practices Act; and that the Court award her actual damages in an amount to be determined at time of trial, reasonable

attorney's fees and costs in an amount to be determined at time of trial, as well as exemplary damages pursuant to O.C.G.A. §10-1-399; and

(g) For such other and further relief as the Court deems just and proper under the circumstances.

This the 8th day of January, 2009.

KAIDEN & KAIDEN, LLC

| | |
|---|---|
| 1850 Lake Park Drive, Suite 204<br>Smyrna, GA 30080, Georgia<br>Phone:   (770) 801-9950<br>Fax:   (770) 801-0724<br>E-mail: kaidenlaw@msn.com | Robert Kaiden<br>Attorney for Plaintiff<br>Georgia Bar No.: 406030 |
| 1850 Lake Park Drive, Suite 204<br>Smyrna, GA 30080, Georgia<br>Phone:   (770) 801-9950<br>Fax:   (770) 801-0724<br>E-mail: kaidenlaw@msn.com | Cristina Kaiden<br>Attorney for Plaintiff<br>Georgia Bar No.: 406018 |